**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Thomas V. Ayala (015822004)
Phone: 215.569.4596
Fax: 215.568.6603
tayala@klehr.com
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Charles Grover,<br><br>Plaintiff,<br><br>v.<br><br>Draeger, Inc. and Draeger Safety, Inc.,<br><br>Defendants. | **CIVIL ACTION NO.**<br>**1:22-CV-87-CPO-SAK**<br><br>*Electronically Filed*<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** |

COMES NOW Defendants, Draeger, Inc. and Draeger Medical Systems, Inc. f/k/a Draeger Safety, Inc. (collectively, "Defendants"), by and through its attorneys, and for their Answer to Plaintiff's Complaint, state as follows: Defendants deny every allegation in Plaintiff's Complaint except as hereinafter admitted, answered or otherwise explained.

### FIRST COUNT

1. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 1 of Plaintiff's Complaint, and therefore denies them.

2. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 2 of Plaintiff's Complaint, and therefore denies them.

3. Admitted only that Draeger Safety Diagnostics, Inc., now known as Draeger, Inc., previously marketed and sold breathalyzer devices referred to as Alcotest 7110 MK III, but has not located any record of a sale to the Clementon, New Jersey Police Department after 2004. Further admitted that, upon request by a particular police department or agency, Draeger Safety

Diagnostics, Inc., recalibrated certain components of the devices. Defendants lack sufficient information to confirm the identity of the particular device or component thereof allegedly used by Plaintiff and demand strict proof thereof. The allegations of this paragraph are otherwise denied.

    4.    Denied.

    5.    Denied.

    6.    Denied.

    7.    Denied.

    8.    Denied.

    9.    Denied.

    10.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 10 of Plaintiff's Complaint, and therefore denies them.

    11.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 of Plaintiff's Complaint, and therefore denies them.

    12.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 of Plaintiff's Complaint, and therefore denies them.

    13.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 13 of Plaintiff's Complaint, and therefore denies them.

## SECOND COUNT

    14.    Defendants restate their answers to all of the preceding paragraphs of the Complaint as if fully set forth herein.

    15.    Denied.

    16.    Denied.

    17.    Denied.

9828846.v1

18. Denied.

19. Denied.

### THIRD COUNT

20. Defendants restate their answers to all of the preceding paragraphs of the Complaint as if fully set forth herein.

21. Admitted only that Draeger Safety Diagnostics, Inc., now known as Draeger, Inc., previously marketed and sold breathalyzer devices referred to as Alcotest 7110 MK III, but has not located any record of a sale to the Clementon, New Jersey Police Department after 2004. Further admitted that, upon request by a particular police department or agency, Draeger Safety Diagnostics, Inc., recalibrated certain components of the devices. Defendants lack sufficient information to confirm the identity of the particular device or component thereof allegedly used by Plaintiff and demand strict proof thereof. The remaining allegations of this paragraph contain conclusions of law to which no response is required, and they are therefore denied.

22. Denied.

### FOURTH COUNT

23. Defendants restate their answers to all of the preceding paragraphs of the Complaint as if fully set forth herein.

24. The allegations of this paragraph are addressed to unidentified third parties, and therefore no response is required. To the extent that the allegations can be construed to be directed to Defendants, they are denied.

9828846.v1

## **AFFIRMATIVE DEFENSES**

25. To the extent not already specifically addressed above, Defendants deny each and every allegation in Plaintiff's Complaint, demanding strict proof thereof. For its affirmative defenses, Defendants state as follows:

26. The Complaint fails to state a claim against Defendants upon which relief can be granted.

27. Plaintiff's claims must fail in whole or in part against Defendants because Defendants did not create the alleged defect in the product that Plaintiff contends caused Plaintiff's damages, if any.

28. Plaintiff's claims must fail in whole or in part against Defendants because of the intervening and superseding acts of other individuals or entities.

29. Plaintiff's claims are barred because the damages sustained by Plaintiff, if any, were not proximately caused by any acts or omissions of Defendants.

30. Plaintiff's damages, if any, were caused, in whole or in part, by the negligent or reckless acts, misuse and/or omissions of others, including by not limited to Plaintiff, over whom Defendants has no control or right of control, whether individual, corporate or otherwise, whether named or unnamed in the Complaint, and for whose conduct Defendants is not responsible. As a result, Plaintiff's recovery from Defendants is barred altogether or must be reduced to only the percentage of damages directly attributable to Defendants, which are expressly denied, pursuant to N.J. Rev. Stat. § 2A:15-5.3.

31. Plaintiff's claims are barred, reduced and/or limited to the extent Plaintiff has or will recover any compensation from any collateral source. N.J. Rev. Stat. § 2A:15-97.

32. Defendants incorporates by reference any and all available applicable defenses available under the New Jersey Products Liability Act, N.J. Rev. Stat. §§ 2A:58C-1 *et seq.*

33. Plaintiff's claims are barred in whole or in part by applicable statutes of repose, statutes of limitations and prescriptive periods.

34. Defendants expressly reserve the right to raise an affirmative defense that Plaintiff has failed to join essential and necessary parties, including any other person or entity liable or responsible for the matters alleged in Plaintiff's Complaint, should discovery reveal the existence of facts to support such a defense.

35. Defendants reserve the right to raise any additional defenses that they may have or as may be revealed by discovery or investigation of the matter.

WHEREFORE, Defendants demand that Plaintiff's Complaint be dismissed with prejudice and Defendants be awarded its costs, expenses and attorneys' fees incurred in defending this action.

Date: January 14, 2022                              Respectfully submitted,

       /s/ Thomas V. Ayala
Thomas V. Ayala
KLEHR HARRISON HARVEY
BRANZBURG LLP
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
215.569.4596
tayala@klehr.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of January, 2022, a true and correct copy of the foregoing Answer and Affirmative Defenses was served on the party listed below via the Court's ECF System:

Craig A. Falcone, Esquire
Sacchetta & Falcone
308 East 2d Street
Media, PA 19063
*Attorney for Plaintiff*

/s/ Thomas V. Ayala
Thomas V. Ayala

9828846.v1