**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Thomas V. Ayala (015822004)
Phone: 215.569.4596
Fax: 215.568.6603
tayala@klehr.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Charles Grover,<br><br>     Plaintiff,<br><br>          v.<br><br>Draeger, Inc. and Draeger Safety, Inc.,<br><br>     Defendants. | **CIVIL ACTION NO.**<br>**1:22-CV-87-CPO-SAK**<br><br>*Electronically Filed*<br><br>**DEFENDANTS' AMENDED ANSWER**<br>**AND AFFIRMATIVE DEFENSES** |

COMES NOW Defendants, Draeger, Inc. and Draeger Medical Systems, Inc. f/k/a Draeger Safety, Inc. (collectively, "Defendants"), by and through its attorneys, and for their Answer to Plaintiff's Complaint, state as follows: Defendants deny every allegation in Plaintiff's Complaint except as hereinafter admitted, answered or otherwise explained.

**FIRST COUNT**

1. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 1 of Plaintiff's Complaint, and therefore denies them.

2. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 2 of Plaintiff's Complaint, and therefore denies them.

3. Admitted only that Draeger Safety Diagnostics, Inc., now known as Draeger, Inc., previously marketed and sold breathalyzer devices referred to as Alcotest 7110 MK III, but has not located any record of a sale to the Clementon, New Jersey Police Department after 2004. Further admitted that, upon request by a particular police department or agency, Draeger Safety

Diagnostics, Inc., recalibrated certain components of the devices. Defendants lack sufficient information to confirm the identity of the particular device or component thereof allegedly used by Plaintiff and demand strict proof thereof. The allegations of this paragraph are otherwise denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 10 of Plaintiff's Complaint, and therefore denies them.

11. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 of Plaintiff's Complaint, and therefore denies them.

12. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 of Plaintiff's Complaint, and therefore denies them.

13. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 13 of Plaintiff's Complaint, and therefore denies them.

## SECOND COUNT

14. Defendants restate their answers to all of the preceding paragraphs of the Complaint as if fully set forth herein.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

### THIRD COUNT

20. Defendants restate their answers to all of the preceding paragraphs of the Complaint as if fully set forth herein.

21. Admitted only that Draeger Safety Diagnostics, Inc., now known as Draeger, Inc., previously marketed and sold breathalyzer devices referred to as Alcotest 7110 MK III, but has not located any record of a sale to the Clementon, New Jersey Police Department after 2004. Further admitted that, upon request by a particular police department or agency, Draeger Safety Diagnostics, Inc., recalibrated certain components of the devices. Defendants lack sufficient information to confirm the identity of the particular device or component thereof allegedly used by Plaintiff and demand strict proof thereof. The remaining allegations of this paragraph contain conclusions of law to which no response is required, and they are therefore denied.

22. Denied.

### FOURTH COUNT

23. Defendants restate their answers to all of the preceding paragraphs of the Complaint as if fully set forth herein.

24. The allegations of this paragraph are addressed to unidentified third parties, and therefore no response is required. To the extent that the allegations can be construed to be directed to Defendants, they are denied.

9829519.v2

## **AFFIRMATIVE DEFENSES**

25.     To the extent not already specifically addressed above, Defendants deny each and every allegation in Plaintiff's Complaint, demanding strict proof thereof.  For its affirmative defenses, Defendants state as follows:

26.     The Complaint fails to state a claim against Defendants upon which relief can be granted.

27.     Plaintiff's claims must fail in whole or in part against Defendants because Defendants did not create the alleged defect in the product that Plaintiff contends caused Plaintiff's damages, if any.

28.     Plaintiff's claims must fail in whole or in part against Defendants because of the intervening and superseding acts of other individuals or entities.

29.     Plaintiff's claims are barred because the damages sustained by Plaintiff, if any, were not proximately caused by any acts or omissions of Defendants.

30.     Plaintiff's damages, if any, were caused, in whole or in part, by the negligent, negligent per se, reckless acts, misuse, alteration, contributory and comparative fault and/or omissions of others, including but not limited to Plaintiff, over whom Defendants had no control or right of control, whether individual, corporate or otherwise, whether named or unnamed in the Complaint, and for whose conduct Defendants is not responsible.  As a result, Plaintiff's recovery from Defendants is barred altogether or must be reduced to only the percentage of damages directly attributable to Defendants, which are expressly denied, pursuant to N.J. Rev. Stat. § 2A:15-5.3.

31.     Plaintiff's claims are barred in whole or in part by the doctrine of assumption of risk.

32.     Plaintiff's claims are barred in whole or in part by the "open and obvious" and "common knowledge" doctrines.

9829519.v2

33. Plaintiff's claims are barred, reduced and/or limited to the extent Plaintiff has or will recover any compensation from any collateral source. N.J. Rev. Stat. § 2A:15-97.

34. Defendants incorporates by reference any and all available applicable defenses available under the New Jersey Products Liability Act, N.J. Rev. Stat. §§ 2A:58C-1 *et seq.*

35. Plaintiff's claims are barred by applicable statutes of repose, statutes of limitations and prescriptive periods.

36. Plaintiff's claims are barred because Defendants are immune from liability by virtue of the government contractor defense. *See*, *e.g.*, *Silverstein v. Northrop Grumman Corp.*, 842 A.2d 881, 883 (N.J. Super. App. Div. 2004) and *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512–14 (1988). The Attorney General of New Jersey has promulgated a regulation establishing that the "Alcotest 7110 MKIII, is a chemical breath test instrument that employs both infrared analysis and electrochemical analysis as a dual system of chemical breath testing and *is an approved instrument for use in the testing of a person's breath by chemical analysis*." N.J. Admin. Code § 13:51-3.5 (emphasis added). The New Jersey Legislature designated the Attorney General to create and implement a breath testing program for use by law enforcement in the State of New Jersey. *See* N.J.S.A. 39:4–50.3. The Attorney General vested responsibility for carrying out this command with the New Jersey State Police. *See* N.J.A.C. 13:51–3.2. The Office of Forensic Sciences, a Division of the New Jersey State Police conducted tests on a variety of breath testing devices, including the Alcotest 7110 MK III, in an effort to select an instrument for use by law enforcement officers in New Jersey to conduct breath tests on persons suspected of operating a motor vehicle under the influence of alcohol. They selected the Alcotest 7110 MK III. *See State v. Chun*, 943 A.2d 114, 131 (N.J. 2008); *State v. Foley*, 851 A.2d 123, 125 (N.J. Law. Div. 2003) ("The Attorney General approved the 7110 as an instrument for evidential breath testing in New Jersey."). In addition, the National Highway Traffic Safety Administration ("NHTSA") has

9829519.v2

published Specifications for breath testing devices and determined that the Alcotest 7110 MKIII has "been evaluated and found to meet the specifications" was thus listed on NHTSA's "Conforming Products List." *See* 61 Fed. Reg. No. 21, at 3078 (Jan. 30, 1996). Likewise, NHTSA listed the CU 34 simulator used with the Alcotest 7110 MKIII on the Conforming Products List after the simulator was tested and evaluated by the Research and Innovative Technologies Administration of the U.S. Department of Transportation to make sure that it meets the model specifications for a wet bath simulator as set forth by NHTSA. Under these and related circumstances, Plaintiff's claims in this action are barred by the government contractor defense.

37. Plaintiff's claims are barred in whole or in part by the doctrine of preemption.

38. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

39. Plaintiff's claims are barred in whole or in part by the "sophisticated intermediary" defense.

40. Plaintiff's claims are barred in whole or in part by the "sophisticated user" defense.

41. Defendants expressly reserve the right to raise an affirmative defense that Plaintiff has failed to join essential and necessary parties, including any other person or entity liable or responsible for the matters alleged in Plaintiff's Complaint, should discovery reveal the existence of facts to support such a defense.

42. Defendants reserve the right to raise any additional defenses that they may have or as may be revealed by discovery or investigation of the matter.

WHEREFORE, Defendants demand that Plaintiff's Complaint be dismissed with prejudice and Defendants be awarded its costs, expenses and attorneys' fees incurred in defending this action.

9829519.v2

- 6 -

Date: February 4, 2022                                    Respectfully submitted,


                                                          /s/ Thomas V. Ayala
                                                          Thomas V. Ayala
                                                          KLEHR HARRISON HARVEY
                                                          BRANZBURG LLP
                                                          1835 Market Street, Suite 1400
                                                          Philadelphia, Pennsylvania 19103
                                                          215.569.4596
                                                          tayala@klehr.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of February, 2022, a true and correct copy of the foregoing Amended Answer and Affirmative Defenses was served on the party listed below via the Court's ECF System:

Craig A. Falcone, Esquire
Sacchetta & Falcone
308 East 2d Street
Media, PA 19063
610-891-2797
caf@sacchettafalcone.com

*Attorney for Plaintiff*

/s/ Thomas V. Ayala
Thomas V. Ayala

9829519.v2